IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-442-BO-RN

| | | |
|---|---|---|
| GEORGE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in his favor. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 21-25], and the matter is ripe for disposition. For the reasons that follow, the decision of the Commissioner is affirmed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application on September 2, 2020, alleging disability beginning June 10, 2020. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: degenerative disc disease, obesity, and post-traumatic stress disorder (PTSD). The ALJ determined that these impairments did not meet or medically equal the severity of a Listing at step three. At step four, the ALJ made an RFC finding that plaintiff could perform a reduced range of light work and that plaintiff could not perform his past relevant work. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as bagger, mail room clerk, and hand packager. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff contends that when evaluating plaintiff's RFC, the ALJ did not properly evaluate or logically explain his conclusions on the opinion and other evidence relating to plaintiff's limitations. Plaintiff's argument centers on the ALJ's evaluation of his PTSD and its impact his ability to perform work.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Contrary to plaintiff's arguments, the ALJ's decision is supported by substantial evidence and provides a sufficient discussion of the evidence to permit meaningful review. The record contains limited mental health treatment records for plaintiff's PTSD, but the ALJ's opinion describes how he assessed that evidence in determining plaintiff's RFC. Though plaintiff has been given a rating of seventy-percent disabled based on PTSD by the Department of Veterans Affairs (VA), the ALJ was not required to expressly consider that decision. *See* 20 C.F.R. §§ 404.1520(b); 404.1504; *Rogers v. Kijakazi*, 62 F.4th 872, 879 (4th Cir. 2023).

However, the ALJ did consider the evidence in record from the VA, noting that while plaintiff has been diagnosed with PTSD, he was not started on medication by the VA for this

4

condition, he did not participate regularly in treatment for his PTSD, and there is no record of him seeking emergency treatment for his PTSD.

In assessing the impact of plaintiff's PTSD, the ALJ also considered the opinions of state agency physicians and consultative examiners. The ALJ considered the supportability and consistency of those opinions, 20 C.F.R. § 404.1520c(b), and explained his reasoning for finding the opinions of the non-examining examiners more persuasive, noting that the non-examining opinions "took into account the findings of the consultative psychological evaluation, as well as the claimant's subjective complaints, and their findings are consistent with both of these." Tr. 32. Though plaintiff cites to the VA determination that plaintiff's PTSD would cause significant difficulty accepting supervision and instruction, Tr. 283, and the consultative examiner's similar conclusion, Tr. 388, the ALJ determined that the term "significant" was not clearly defined. The ALJ further limited plaintiff to only occasional contact with supervisors, coworkers, and the public.

At bottom, plaintiff does not identify any evidence that the ALJ was required but failed to consider. The ALJ's decision further provides a reasoned explanation for the weight afforded to the medical opinions about plaintiff's abilities as well as the ALJ's ultimate conclusions. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. The Commissioner's motion for judgment on the

pleadings [DE 23] is GRANTED. The clerk shall enter judgment in favor of defendant and close the case.

SO ORDERED, this ___4___ day of March 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE